UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY CHAPMAN,                          :
                                          :
    Petitioner,                           :
                                          :
    v.                                    :   CIVIL NO. 3:CV-15-2350
                                          :
UNITED STATES PAROLE                      :   (Judge Kosik)
COMMISSION,                               :
                                          :
    Respondent.                           :

# MEMORANDUM

Petitioner Gregory Chapman ("Petitioner") filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 8, 2015, challenging the timeliness of his parole revocation hearing and the calculation of his sentence. At the time, he was confined at the Federal Correctional Institution at Allenwood, Pennsylvania. It does not appear that he is still confined there. He has not submitted a change of address to the court.[1] Service of the petition has been directed and a response filed. No traverse has been submitted. For the reasons that follow, the petition will be denied.

---

[1] According to the Bureau of Prisons Inmate Locator, Petitioner is due to be released on April 3, 2019, and was transferred at some point to Brooklyn MDC. See www.bop.gov. The Order to Show Cause (Doc. 5) was served on Petitioner on March 31, 2016 at FCI-Allenwood, and was not returned. The same appears true with respect to the response (Doc. 6) on April 21, 2016. The court has had no contact from Petitioner since the filing fee was received by the court on January 6, 2016.

**I.     Background**

Petitioner claims that he received an untimely hearing in June of 2015, and did not receive the report from the United States Parole Commission ("USPC") until October of 2015.  Thereafter, he states he filed an appeal from this decision.  He does not agree with the decision due to the untimeliness of the hearing.  In support thereof, he cites to Notes and Procedures § 2.16-04.  (Doc. 1, Pet. at 1.)  It is Petitioner's belief that a parole violation he had on his federal bank robbery conviction was running concurrent to his Maryland state sentence for murder.  In December of 2014, Petitioner states he signed a "plea agreement" which gave him "time served" for the murder conviction.  It is Petitioner's argument that his parole violation of the federal offense was caused by the State of Maryland when they "lured" him to sign the plea agreement giving him immediate release if he agreed to the state murder charge, and forcing him into federal custody in violation of his rights. (Id. at 2.) He believes he has been wrongly incarcerated for 35 years.  (Id. at 3-4.)  Although he states he will file a Federal Torts Claim Act complaint, Petitioner states he only brings this as a habeas action to challenge the execution of his sentence - namely the improper finding by the USPC.  (Id. at 5.)  He argues that he is being held on the parole violation in violation of his rights.  In any event, he claims that because the USPC

hearing was untimely, that it is void.[2]  (Id. at 7.)

The facts are as follows.  On April 30, 1976, Petitioner was sentenced in this court to ten (10) years imprisonment for bank robbery.  (Doc. 6, Ex. 1, Jennings Decl.¶ 5.)  On January 18, 1979, he was paroled to the Volunteers of America Community Treatment Center, and was to remain under parole supervision until March 17, 1986.  (Id. ¶ 6; Ex. 3, Parole Certificate.)

The Parole Commission issued a warrant on July 18, 1979 charging Petitioner with violating the conditions of parole supervision.  (Doc. 6, Ex. 1, ¶ 7; Attach. 4, Warrant.)  This parole revocation warrant was issued citing Petitioner's use of drugs and his failure to comply with drug aftercare.  (Id.)

On June 2, 1980, a third violation was added to Petitioner's revocation warrant.  The third violation was Petitioner's conviction in the State of Maryland for murder on April 18, 1980.  (Id. at ¶ 8; Attach. 4 at 7.)  Petitioner had been sentenced by the State of Maryland as follows: 35 years, 9 months and 13 days imprisonment for the murder conviction; 15 years imprisonment for his use of a handgun to commit a crime; and 3 years imprisonment for carrying/wearing a handgun on his person.  (Id., Ex. 1¶ 8; Attach. 6 at 6-7.)

---

[2] Specifically, Petitioner maintains that he was eligible for parole review on December 18, 2014.  He claims he did not receive the actual parole review until May 19, 2015.  As such, he argues that his hearing was more than 90 days after the deadline and, therefore, untimely.

A dispositional revocation hearing was conducted by the USPC on February 18, 1982. This hearing was conducted at the Maryland Penitentiary located in Baltimore. (Id. at ¶ 9, Attach.7, Notice of Action; Ex. 5, Revocation Hearing Summary.) After the hearing, a Notice of Action was issued on March 10, 1982 by the USPC, finding that Petitioner violated the conditions of his parole by failing to comply with the drug aftercare special condition and by committing the murder. (Doc. 6, Ex. 1, Attach. 7, Notice of Action; Ex. 6.) Because Petitioner was found guilty of violating the conditions of parole, the USPC revoked his parole and he was given no credit for the time spent on parole. (Id., Attach. 7 at 2-4; Ex. 5 at 3; Ex. 6 at 1.)

Petitioner was advised that any time remaining on his federal sentence would commence upon his release from state custody or upon federal re-parole to his state sentence, whichever came first. (Doc. 6. Ex. 1, Attach. 7, Notice of Action at 2-4.) Based on the foregoing, it is clear that the federal sentence and the state sentence were not meant to run concurrent with one another.[3] (Id., Ex. 1 at 13; Attach. 12.)

On December 15, 2014, Petitioner was released by Maryland from his state sentence and taken into federal custody as per the USPC's parole revocation warrant. (Doc. 6, Exs. 1 at ¶ 10, 7; Attach. 8 at 2-3.) On May 19, 2015, the USPC conducted a

---

[3] As such, any argument by Petitioner that the sentences ran concurrently is without merit.

reconsideration hearing for Petitioner. (Doc. 6, Exs. 8, 9.) Based on the reconsideration hearing, the USPC issued a Notice of Action on June 29, 2015 ordering Petitioner to "continue to expiration." (Doc. 6, Ex. 1 at ¶ 11; Attach. 10 at 2; Ex. 10.) It was ordered by the USPC that Petitioner serve the remainder of his federal sentence minus any good-time credits earned by Petitioner while serving his federal sentence. The reasons cited by the USPC for its decision is contained in its Notice of Action and states as follows:

> After review of all relevant factors and information presented, a decision exceeding the lower limit of the guideline category by more than 48 months is warranted based on the following pertinent aggravating case factors: Your violation behavior involved Murder and Assault with Intent to Murder. Specifically, you walked up to three men as they were walking down the street [and] began shooting at them, striking all three. As one of the victims was lying on the ground, you put the gun to the side of his head and shot him at point blank range. Additionally, you continue to deny your involvement in the murder and assault with intent to murder violation behavior.

(Doc. 6, Ex. 1, Attach. 10 at 2.) Petitioner was informed by the USPC that he would receive a statutory interim hearing in May of 2017. (Id.)

Petitioner's sentence was calculated by Robert Jennings, a Management Analyst for the Bureau of Prisons who is responsible for calculating and auditing the sentences of inmates. His sentence was calculated as commencing on December 18, 2014, the date the USPC warrant was executed. He received prior custody credit

from December 15, 2014 (the day Petitioner was placed in the custody of the Marshal Service) through December 17, 2014 (the day before the USPC executed the warrant against Petitioner). As such, Petitioner received 3 days of prior custody credit.

## II.   Discussion

### A.   Timeliness of hearing

As Respondent correctly points out, Petitioner had a timely revocation hearing. As is supported by the record, the USPC conducted a revocation hearing for Petitioner on February 18, 1982, prior to his coming into federal custody on the warrant. This is in accordance with 28 C.F.R. § 2.47(c)(2). This is documented in the Revocation Hearing Summary which is contained in the record. (Doc. 6-1, Ex. 5.) Petitioner was represented, the charges were reviewed with him, findings of fact were made, and the community resources and his parole risk were evaluated. (Id.) Recommendations to revoke parole, credit Petitioner with no time spent on parole, commence the violator term upon Petitioner's release from confinement, and a recommendation that 100+ months be served before re-parole were also made. (Id.) Because Petitioner received this revocation hearing, he was not entitled to a revocation hearing within 90 days of the execution of the USPC's warrant under 28 C.F.R. § 2.49(f). As correctly pointed out by Respondent, Petitioner's parole had already been revoked by the USPC via the Notice of Action issued on March 10,

6

1982. (Doc. 6-1, Attach. 7 at 2-4.) Any future reconsideration hearing was for the purpose of deciding if Petitioner should be granted re-parole, not whether he should have his original parole revoked. On May 19, 2015, Petitioner did have a reconsideration hearing, and he was continued to expiration.[4]

## B. Calculation of Petitioner's federal sentence

The calculation of Petitioner's federal sentence is correct. Any argument by Petitioner to the contrary is unconvincing. Petitioner's federal sentence was imposed on April 30, 1976 by this court. Following his release from his Maryland sentence, his federal sentence then commenced on December 18, 2014. He had a term of 2,615 days remaining on his federal sentence to serve. (Doc. 6-1, Jennings Decl., Ex. 1 at ¶ 10.) Prior custody credit of three (3) days was given to Petitioner for December 15. 2014 through December 17, 2014. His release date is properly set for April 3, 2019, via mandatory release. (Id.; Attach. 1 at 3, Public Information Inmate Data.)

For these reasons, it is clear that Petitioner's sentence has been calculated properly. Further, Petitioner has not submitted a traverse arguing otherwise. An appropriate order follows.

---

[4] Respondent's point that even if any revocation hearing was untimely it would be a moot issue, is well-taken. Petitioner seeks to vacate the USPC's decision as a remedy. The proper remedy would be to compel a new hearing, since Petitioner has failed to show bad faith or prejudice. Since Petitioner had a hearing conducted, any such remedy would be moot in any event.